The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. However, the Full Commission in its discretion amends this Opinion and Award on other grounds.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission.
2. Cardinal Freight Carriers, was self-insured form November 1995 through March 31, 1996. Managed Care, USA/Legion was the compensation insurance carrier on the risk from April 1, 1996 to July 1, 1996.
3. Plaintiffs average weekly wages will be determined from a Form 22 to be submitted by defendants.
4. Following the hearing before the Deputy Commissioner, the deposition and medical records of Dr. Joseph T. McLamb were made a part of the evidentiary record. In addition, the deposition of Dana Richards was made a part of the evidentiary record.
 *********** FINDINGS OF FACT
1. Plaintiff was initially employed with defendant-employer in approximately 1992 as a truck driver. In 1995, plaintiff entered into defendant-employers owner-operator program. As an owner-operator, plaintiff was responsible for repairs, accident insurance and workers compensation insurance. Furthermore, plaintiff could refuse any work assignments, hire drivers and choose any maintenance facility.
2. Cardinal required its independent owner-operators to carry workers compensation insurance. The independent operators could either get their coverage on their own or allow Cardinal to purchase it for them. If Cardinal purchased the coverage, the premiums would be deducted from plaintiffs income. Plaintiff chose to obtain workers compensation insurance through Cardinal and a policy was secured for him through the North Carolina Selective Fund, which was in effect from November 1995 through March 1996. Defendant-carrier, Managed Care USA, became the carrier on the risk on April 1, 1996 and continued to be on the risk on June 4, 1996.
3. Although Dr. McLamb testified that plaintiffs onset of knee problems was January 1, 1996, plaintiff testified and has maintained that he sustained a knee injury on June 4, 1996, while he was unloading an appliance without a hand truck.
4. Plaintiffs normal job consisted of driving the truck, loading and unloading the freight, which included appliances that Cardinal delivered for GE. Plaintiff indicated that as he was unloading a refrigerator, he had to grab and pull it. As he was pulling the refrigerator, he felt a "pop in his knee. However, this "pop occurred during the normal routine of plaintiffs regular duties and there was no unusual event or circumstance.
5. Plaintiff was treated by Dr. Joseph McLamb for the problems with his knee. Dr. McLamb indicated in his record on January 1, 1996 that plaintiff was experiencing pain in his left knee and had been for 3 to 4 months. Plaintiff was experiencing an increase in pain, swelling, popping, grating, giving way and locking.
6. Plaintiff filed a claim by filing a Form 18 in this matter on January 12, 1998 and indicated that his accident occurred on June 4, 1996.
7. According to the greater weight of the evidence, plaintiff has failed to prove that he sustained an injury by accident on June 4, 1996, though he may have suffered an incident involving his knee on this date.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. Plaintiff was not an employee of defendant-employer, Cardinal, but rather an independent contractor on January 1, 1996 and June 4, 1996 and therefore is not entitled to workers compensation benefits. N.C.G.S.97-2(2).
2. Even assuming arguendo that plaintiff was an employee of defendant-employer, plaintiff did not sustain an injury by accident on January 1, 1996 or June 4, 1996 while in the course and scope of his employment. N.C.G.S. 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiffs claim must be and the same is hereby Denied.
2. Self-insured defendant-employer is hereby Dismissed with prejudice.
3. Each side shall bear their own costs.
This the ___ day of April 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER